**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOAN JARA; AMANDA JARA TURNER;
and MANUELA BUNSTER,

          Plaintiffs,

v.                                Case No. 6:13-cv-1426-Orl-37GJK

PEDRO PABLO BARRIENTOS NUNEZ,

          Defendant.

**ORDER**

This cause is before the Court on Plaintiffs' Application for Default Judgment on the Second Amended Complaint (Doc. 68), filed September 22, 2014. Upon consideration, the Court finds that the motion is due to be denied.

**BACKGROUND**

This dispute arises out of the torture and murder of Victor Jara, a folk singer and activist supporter of Chilean President Salvador Allende, who was killed during the military coup that installed General Augusto Pinochet in power in 1973. (Doc. 52, ¶ 1.) Plaintiffs are: (1) Joan Jara—Victor Jara's surviving wife—in her individual capacity and as legal representative of his estate; (2) Amanda Turner, his natural born child; and (3) Manuela Bunster, his stepdaughter. (*Id.* ¶¶ 14, 15–16.) Defendant is former Lieutenant Pedro Barrientos, previously an officer in the Chilean army who participated in Jara's murder and has since moved to Florida. (*Id.* ¶¶ 1, 8.)

After Defendant failed to answer the Complaint, Plaintiffs moved for and received a clerk's entry of default. (Docs. 35, 36.) Plaintiffs then moved for a default judgment. (Doc. 41.) The Court held a hearing on the liability portion of the motion on January 16, 2014. (Doc. 47.) After the hearing, Plaintiffs filed a supplemental brief in support of their motion. (Doc. 50.) Based on the discussion at the hearing, Plaintiffs filed the First Amended Complaint. (Doc. 52.) They sought and received a clerk's entry of default as to that pleading. (Docs. 53, 54.) Plaintiffs subsequently renewed their motion for a default judgment. (Doc. 55.)

On June 20, 2014, the Court denied Plaintiff's Application for Default Judgment on the Amended Complaint and dismissed several of the claims without prejudice. (*See* Doc. 62.) In particular, the Court dismissed Plaintiffs' "ATS claims in Counts I and II; Plaintiffs Amanda Turner and Manuela Bunster's claims in Count II; and Counts III, IV, and V in their entirety" without prejudice and granted leave to file a second amended complaint "consistent with the directives in [the] Order." (*Id.*) Plaintiffs filed a Second Amended Complaint. (Doc. 63.) They sought and received a clerk's entry of default as to that pleading (Docs. 66, 67) and now move the Court for entry of default judgment (*see* Doc. 68). The matter is ripe for the Court's adjudication.

**STANDARDS**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(b)(2). However, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v.*

2

*Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Court may conduct a hearing to determine the truth of any allegations or the amount of damages. Fed. R. Civ. P. 55(b)(2)(B)–(C).

## DISCUSSION

**I.     ATS Claims**

The U.S. Supreme Court has held that the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, does not generally have extraterritorial application—that is, it does not reach tortious conduct taking place entirely outside of the United States. *Kiobel v. Royal Duth Petroleum Co.*, 133 S.Ct. 1659, 1669 (2013). A narrow exception exists for extraterritorial torts that nevertheless "touch and concern the territory of the United States . . . with sufficient force to displace the presumption against extraterritorial application." *Id.* Plaintiffs argue that Defendant's U.S. citizenship is sufficient to fall into the "touch and concern" exception. (*See* Doc. 63.)

*Kiobel* forecloses all of Plaintiffs' ATS claims because Defendant's tortious conduct took place entirely outside the United States. The Court rejects Plaintiffs' argument that *Al-Shimari v. Caci Premier Tech., Inc.* calls for a contrary conclusion. 758 F.3d 516 (4th Cir. 2014). The *Al-Shimari* court interpreted the *Kiobel* "touch and concern" language to mean that "courts should not assume that the presumption categorically bars cases that manifest a close connection to the United States territory" and noted that courts should consider all facts giving rise to an ATS claim, "including the parties' identities and their relationship to the causes of action." *Id.* at 527–28. This broad interpretation of *Kiobel* still does not suggest that the U.S. citizenship of Defendant in and of itself is sufficient to fall into the "touch and concern" exception when the tort was performed extraterritorially.

Aside from Defendant's citizenship, nothing else alleged in the Second Amended Complaint "touches or concerns" the territory of the United States. (*See* Doc. 63.) Therefore, Plaintiffs' motion is due to be denied as to the ATS claims, which again are inadequately pled (*see* Docs. 55, 62, 68) and cannot support a default judgment. The ATS claims in Counts I and II are due to be dismissed, and Counts III, IV, and V are due to be dismissed in their entirety.

**II.     TVPA Claims**

In their First Amended Complaint (Doc. 55), Plaintiffs sufficiently established Defendant's liability for Joan Jara's claims of torture and extrajudicial killing under the Torture Victim Protection Act of 1991 ("TVPA), 28 U.S.C. § 1350. (Doc. 62, pp. 7–8.) However, the Court had concerns regarding the viability of the children's extrajudicial killing claims. (Doc. 62, p. 8.) The Court allowed Plaintiffs to replead "to clarify the status of the children as possible claimants under Chilean wrongful death law."[1] (*Id.* at 9.)

Plaintiffs repled, alleging that the children's standing to sue for their father's wrongful death "stems from Chilean law." (Doc. 63, pp. 5, 6.) They submitted a Supplemental Brief on Chilean Law Regarding Standing (Doc. 64) and a declaration by Rodrigo Gil Ljubtic, a Chilean attorney and tort-law professor (Doc. 64-1). These

---

[1] Because substantive state law leaves the children without a remedy, *See* Fla. Stat. § 768.20 (only a personal representative may bring a wrongful death claim), the Court must look to Chilean law. *Baloco ex rel. Tapia v. Drummond Co.*, 640 F.3d 1338, 1349 n.12 (11th Cir. 2011). Alternatively, under Florida's "significant relationships test," which provides that the rights of the parties are determined by the local law that "has the most significant relationship to the occurrence," the Court must also apply Chilean law. *State Farm Mut. Auto. Ins. Co. v. Olsen*, 406 So. 2d 1109, 1110 (Fla. 1981) (citation and internal quotation marks omitted). For a more thorough explanation as to why Chilean law applies to the children's' extrajudicial killing claims, see the Court's Order Denying Plaintiff's Motion for Default Judgment. (Doc. 62.)

documents informed the Court on Chilean law. Specifically, under Chilean law, "any individual who suffered a civil injury caused by the negligence or tortious act of another is entitled to claim compensation for that injury." (Doc. 64, p. 3; Doc. 64-1, p. 4.) Additionally, the death of the head of household "permits the presumption that his dependents have suffered moral and material damage" (Doc. 65, p. 28; Doc. 64-13, p. 3) and "liability actions belong to all the legal subjects that suffer the damage caused by the illegal act" (Doc. 65, p. 13; Doc. 64-7, p. 3). In accordance with Chilean law, the Court finds that Plaintiffs have adequately plead the children's standing for the wrongful death claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Application for Default Judgment on the Second Amended Complaint (Doc. 68) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Application for Default Judgment on the Second Amended Complaint is **GRANTED** in regards to the TVPA claims in Counts I and II. The Court will hold an evidentiary hearing on damages for the TVPA claims in Counts I and II as to all Plaintiffs. This matter will be heard before the undersigned on Monday, February 23, 2015, at 9:00 a.m., in Courtroom 4A of the Orlando Courthouse, 401 West Central Boulevard, Orlando, Florida 32801.

    b. The ATS claims in Counts I and II, and Counts III, IV, and V in their entirety, are **DISMISSED WITHOUT PREJUDICE**. However, the Court will accept evidence and hear testimony regarding the ATS claims at the February 23, 2015 hearing for the purpose of judicial

economy.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 20, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record