**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOAN JARA; AMANDA JARA TURNER;
and MANUELA BUNSTER,

        Plaintiffs,

v.                             Case No. 6:13-cv-1426-Orl-37GJK

PEDRO PABLO BARRIENTOS NUNEZ,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss Third Amended Complaint (Doc. 112), filed September 25, 2015; and

2. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 113), filed October 13, 2015.

Upon consideration, the Court finds that the Motion is due to be denied.

The Defendant in this torture case is a former Chilean Army Lieutenant allegedly responsible for the death of Victor Jara—Plaintiff Joan Jara's spouse and the father to Plaintiffs Amanda Jara Turner and Manuela Bunster. (Doc. 111, ¶¶ 9, 13–15.) Defendant previously moved for dismissal of the Alien Tort Statute ("**ATS**") and Torture Victim Protection Act ("**TVPA**") claims in Plaintiffs' second amended complaint, arguing that: (1) the Court lacked subject matter jurisdiction over the ATS claims; and (2) the TVPA claims were barred by the TVPA's statute of limitations. (Doc. 84 ("**First Motion**").) The

Court granted the First Motion in part and dismissed Plaintiffs' ATS claims with prejudice for lack of subject matter jurisdiction. (Doc. 93.) Concluding that the TVPA claims were not barred by the statute of limitations, the Court permitted the action to proceed on Plaintiffs' TVPA claims alone. (*Id.*)

Several months later, Plaintiffs sought leave to amend the allegations supporting their ATS and TVPA claims in the in the second amended complaint. (Doc. 107). The Court allowed Plaintiffs to amend the TVPA claims only (Doc. 110), and Plaintiffs filed their Third Amended Complaint on September 21, 2015 (Doc. 111). Other than the removal of the ATS claims, Plaintiffs' Third Amended Complaint is substantively similar to the second amended complaint.[1] (*Compare* Doc. 111, *with* Doc. 63.)

Defendant now moves for dismissal of the TVPA claims in the TAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 112.) Plaintiffs oppose. (Doc. 113.) The matter is ripe for the Court's adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

---

[1] There is only one substantive difference between the second amended complaint and the Third Amended Complaint. In the second amended complaint, Plaintiffs alleged that Defendant played "Russian roulette" with Victor Jara—that he "loaded one bullet in the chamber of his pistol, spun the chamber and pulled the trigger, knowing that each shot could be lethal . . . and shot Victor Jara in the back of the head at point blank range." (Doc. 63, ¶¶ 36, 58, 78.) Plaintiffs omitted these allegations from the Third Amended Complaint and instead allege that Defendant "killed, caused others to kill, and/or conspired to kill Defendant by shooting him in the head and then shooting his body, at least, forty more times." (Doc. 111, ¶ 35, 57, 76.)

2

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

## DISCUSSION

The TVPA permits a federal civil cause of action against anyone who, acting under the color of law of any foreign nation, subjects an individual to torture or extrajudicial killing. 28 U.S.C. § 1350 note 2(a), Pub. L. No. 102-256 (1992). Claimants must commence their causes of action under the TVPA "within 10 years of the time when the cause of action arose. All principles of equitable tolling, however, shall apply." 28 U.S.C. § 1350 note (2)(c). The TVPA contains an exhaustion of remedies provision, which states that a "court shall decline to hear a claim . . . if the claimant has not exhausted adequate and available remedies in the place in which the conduct giving rise to the claim occurred." 28 U.S.C. § 1350 note (2)(b). Defendant moves for dismissal of Plaintiffs' TVPA claims on three grounds: (1) the claims are barred by the statute of limitations; (2) Plaintiffs failed to exhaust local remedies; and (3) Plaintiffs fail to adequately state a claim under the TVPA. (Doc. 112.)

As a threshold matter, the Court rejects Defendant's argument that Plaintiffs' claims are barred by the TVPA's statute of limitations. The Court comprehensively addressed this issue in a prior ruling. (*See* Doc. 93, pp. 10–13.) The revisions to the SAC

in the TAC are not sufficiently substantive to warrant a different outcome. Thus, the Court reaffirms its conclusion that Plaintiffs have pled "extraordinary circumstances" sufficient for equitable tolling of the TVPA's statute of limitations. (*See id.*); *see also Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153–1154 (11th Cir. 2005); see also *Jean v. Dorelien*, 431 F.3d 776, 779 (11th Cir. 2005) ("'Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999))).

As to Defendant's second argument, the exhaustion requirement is an affirmative defense as to which Defendant bears the burden of proof—a "substantial" burden. *Jean*, 431 F.3d at 781. An affirmative defense is a "defense that may be pled in a case which is already within the court's authority to decide, and the ability of a party to assert such a defense has nothing to do with the court's power to resolve the case." *Douglas v. Yates*, 535 F. 3d 1316, 1321 (11th Cir. 2008) (citation omitted). Thus, Plaintiffs' failure to exhaust remedies in Chile would not deprive the Court of subject matter jurisdiction, *see Cabello Barrueto v. Fernandez Larios*, 291 F. Supp. 2d 1360, 1366 (S.D. Fla. 2003), but it would prevent the Court from reaching the merits of Plaintiffs' TVPA claims, *Rojas Mamani v. Sanchez Berzain*, 636 F. Supp. 2d. 1326, 1328 (S.D. Fla. 2009).[2]

"[P]laintiffs are not required to negate an affirmative defense in their complaint." *LaGrasta, Inc.*, 358 F.3d at 845. For this reason, "generally, the existence of an affirmative defense will not support a [R]ule 12(b)(6) motion to dismiss for failure to state a claim."

---

[2] The Court, therefore, rejects Defendant's argument that his motion to dismiss for Plaintiffs' alleged failure to exhaust remedies is made pursuant to Rule 12(b)(1), which provides for dismissal based on lack of subject matter jurisdiction.

4

*Fortner v. Thomas*, 983 F.3d 1024, 1028 (11th Cir. 1992). A district court may, however, dismiss a complaint "'when [the complaint's] own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.'" *Id.* (quoting *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). Here, that is not the case. Indeed, Plaintiffs' Third Amended Complaint clearly indicates exactly the opposite—that Plaintiffs "exhausted whatever remedies are available to them in Chile without result." (*See* Doc. 111, ¶¶ 48–50.)  The truth of Defendant's exhaustion of remedies argument remains to be seen, but it is better left for resolution at the summary judgment stage when Defendant can fully brief the alleged "remedies abroad which have not been exhausted." S. Rep. No. 102-249, 9–10 (Nov. 26, 1991); *see Jean*, 431 F.3d at 781 (critiquing the district court for its failure to require the defendant to meet the requisite burden of proof to support the affirmative defense of nonexhaustion of remedies, noting "[m]oreover, [that] the motion at issue was a motion to dismiss pursuant to [Rule] 12(b), not a motion for summary judgment," and reversing the district court's dismissal of plaintiff's TVPA claims for her failure to exhaust remedies after an examination of plaintiff's allegations).

The Court, therefore, turns to Defendant's final argument—that Plaintiffs fail to adequately plead their claims. Defendant does not argue that Plaintiffs did not plead the elements of torture and extrajudicial killing under the TVPA. (*See* Doc. 112.) Rather, Defendant asserts that Plaintiffs' allegations pertaining to liability—that Defendant "killed, caused others to kill, and/or conspired to kill Victor Jara"—are vague and ambiguous. (*Id.* at 9–11.) Specifically, Defendant takes issue with the "and/or" language of Plaintiffs' allegations. (*Id.*)

Plaintiffs are entitled to plead in the alternative so long as, in doing so, they do not create ambiguity. Fed. R. Civ. P. 8(d). Pleading "in the ambiguous" most commonly occurs when a plaintiff uses "and/or" several times in a sentence or when the use of "and/or" provides for the liability of alternative defendants. *See, e.g.*, *Joe Hand Promotions, Inc. v. Creative Entm't, LLC*, 978 F. Supp. 2d 1236, 1240 (M.D. Fla. 2013) (explaining that the "usage of several 'and/or' conjunctions among other ambiguities" make the allegations vague and ambiguous); *J & J Sports Prods., Inc. v. Torres*, No. 6:09-cv-391, 2009 WL 1774268, at *3 (M.D. Fla. June 22, 2009) (finding the use of "and/or" unacceptable when it was used three times in one sentence and raised the possibility that the defendant's employee—rather than defendant—was liable for the alleged offensive act). Here, Plaintiffs have pled in the alternative, not in the ambiguous. Insofar as Plaintiffs' pleading provides for alternative theories of liability on behalf of Defendant, their allegations are permissible. *See* Fed. R. Civ. P. 8(d)(2); *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1175 (11th Cir. 2014) ("It is a well-settled rule of federal procedure that plaintiffs may assert alternative and contradictory theories of liability.").

The TVPA contemplates theories of direct and indirect liability, *Mohamad v. Palestinian Auth.*, 132 S.Ct. 1702, 1709 (2012) (stating that the "TVPA contemplates liability against officers who do not personally execute the torture or extrajudicial killing"), including:

(1)  aiding and abetting, which requires a showing that Defendant "actively participated" in the wrongful act by knowingly "substantially assisting" the person(s) who committed the wrongful act, *Fernandez-Larios*, 402 F.3d at 1158;

(2) conspiracy, which requires a showing that Defendant knowingly joined an agreement with one or more persons to commit a wrongful act and one of the members to the conspiracy acted in furtherance of that conspiracy, *id.*;

(3) command responsibility, which requires a showing that Defendant—the superior—knew his subordinates had committed, were committing, or planned to commit acts violative of the law of war and failed to prevent the commission of those acts or punish the subordinates after the fact, *Doe v. Drummond Co., Inc.*, 782 F.3d 576, 609 (11th Cir. 2015).

Defendant argues that Plaintiffs fail to adequately allege theories of conspiracy or aiding and abetting. (Doc. 112, pp. 10–11.) Defendant is wrong. Plaintiffs sufficiently plead aiding and abetting via allegations that Defendant was involved in the establishment of the system of imprisonment, torture, and execution ("**System**") during a mass detention of civilians in a Chilean university stadium ("**Detention**") that ultimately led to the torture and killing of Victor Jara by Defendant and by individuals who operated under Defendant's command. (Doc. 111, ¶¶ 9, 26–28, 32–35, 52–53.) Plaintiffs also adequately plead conspiracy via allegations that Defendant knowingly collaborated with other Chilean Army officers to establish the System and that, by serving as the commander of the Detention and directing those under his control to carry out the goals of the System, Defendant—along with other soldiers with whom he collaborated—acted in furtherance of the conspiracy "to commit human rights abuses against civilians." (*Id.* ¶¶ 27–28, 32–35, 52–53, 57, 58.) For the record, the Court notes that Plaintiffs also adequately plead: (1) direct liability via allegations that Defendant tortured and killed Victor Jara by shooting him in the head and then shooting his body at least forty more times (Doc. 111, ¶¶ 33, 35, 57,

76); and (2) liability under the command responsibility doctrine via allegations that Defendant had authority over soldiers who participated in the torture and killing of Victor Jara, Defendant knew or should have known what his subordinates were doing because he ordered them to carry out the goals of the System, and Defendant failed to take steps to prevent the torture or extrajudicial killing of Victor Jara or punish those of his subordinates who carried out the torture or killing (*id.* ¶¶ 9, 26, 28, 33–35, 52, 54–57). That is all that is required at this stage of the litigation.[3]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Third Amended Complaint (Doc. 112) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 14, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[3] Even if Plaintiffs' allegations for one or more indirect theories of liability fell short, Plaintiffs' success in pleading direct liability—which Defendant does not dispute (*see* Doc. 112)—would be sufficient. Fed. R. Civ. P. 8(d)(2) (explaining that, where "a party makes alternative statements, the pleading is sufficient if any one of them is sufficient").